UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MOLLY FLANIGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:11CV988 RWS(LMB) |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This is an action under 42 U.S.C. § 405(g) for judicial review of defendant's decision denying the application of Molly Flanigan for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income (SSI) benefits under Title XVI of the Act.  This case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  Currently pending is defendant's Motion to Dismiss with Suggestions in Support. (Document Number 10).  Plaintiff has filed a Response, in which she states that she has no objection to defendant's motion to dismiss.  (Doc. No. 11).

In his motion, defendant requests that the court dismiss plaintiff's complaint because plaintiff has failed to exhaust her administrative appeal remedies with respect to her claim for benefits. Specifically, defendant claims that plaintiff filed the instant action before the Appeals Council issued a decision on plaintiff's request for review.  Defendant contends that plaintiff therefore has not yet obtained a judicially reviewable "final decision."

-1-

Defendant has attached the Declaration of Donald V. Ortiz, Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration ("SSA"), which sets forth the relevant procedural history in this matter. On April 7, 2011, an Administrative Law Judge (ALJ) issued a decision denying plaintiff's claim for benefits. On April 28, 2011, plaintiff requested review of the hearing decision. On June 2, 2011, before the Appeals Council issued a decision on plaintiff's request for review, a civil action was filed in the United States District Court for the Eastern District of Missouri.

Sections 405(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), authorize judicial review in cases arising under Titles II and XVI of the Social Security Act. These provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Congress has thus explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g). Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." As the Supreme Court has recognized, "[t]his provision clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975).  The SSA regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision.  20 C.F.R. §§ 404.900(a) and 416.1400(a).

Under SSA regulations, an individual claiming entitlement to benefits first receives an initial determination.  20 C.F.R. §§ 404.902 and 416.1402.  If dissatisfied with this determination, the claimant may ask for reconsideration.  20 C.F.R. §§ 404.907 and 416.1407.  If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ.  20 C.F.R. §§ 404.929 and 416.1429.  If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision.  20 C.F.R. §§ 404.967 and 416.1467.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Appeals Council may grant the request for review and issue its own decision.  20 C.F.R. §§ 404.981 and 416.1481.  In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within 60 days after receiving notice of the Appeals Council's action.  Id.

The regulations state that "[w]hen you have completed the steps of the administrative review process..., we will have made our final decision.  If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."  20 C.F.R. §§ 404.900(a)(5) and 416.1400(a)(5).  Finally, the regulations warn that "[i]f you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review."  20 C.F.R. §§ 404.900(b) and 416.1400(b).

Because plaintiff has not obtained a judicially reviewable final decision, this court lacks jurisdiction to hear her appeal at this time.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Dismiss with Suggestions in Support (Doc. No. 10) be **granted**.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  1st  day of September, 2011.

                                                   */s/ Lewis M. Blanton*
                                                   LEWIS M. BLANTON
                                                   UNITED STATES MAGISTRATE JUDGE